**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ALEJANDRO VASQUEZ-TREJO, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 11-71122 Agency No. A094-303-898 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Jose Alejandro Vasquez-Trejo, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's decision denying his application for

withholding of removal and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).  We deny the petition for review.

Vasquez-Trejo testified that guerrillas tried to forcibly recruit him during the Salvadoran civil war and that he fears ex-guerrillas or gang members will harm him if he returns.  Substantial evidence supports the BIA's determination that Vasquez-Trejo did not establish past persecution on account of his membership in either of his proposed social groups.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-84 (1992) (petitioner must provide evidence of persecutor's motive and failed to show nexus to protected ground for forced conscription efforts by guerrilla organization).  Substantial evidence also supports the BIA's determination that Vasquez-Trejo did not establish a nexus to a protected ground for his fear of future persecution.  *See id.*; *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).  Thus, Vasquez-Trejo's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Vasquez-Trejo failed to establish it is more likely than not he would be tortured at the instigation of or with the acquiescence of the government if returned to El Salvador.  *See Silaya*, 524 F.3d at 1073.

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security. *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED.**